UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WADE PATTERSON,<br>    Petitioner,<br>  v.<br>KATHY MENDOZA-POWERS,<br>    Respondent.                       / | No. C 07-1580 SI (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Jeffrey Wade Patterson, formerly an inmate at Avenal State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court.

## BACKGROUND

Patterson states in his petition that he was convicted in Santa Clara County Superior Court of possession for sale of methamphetamine and diazepam, see Cal. Health & Safety Code § 11375(b) and § 11378, and was found have suffered a prior prison term, see Cal. Penal Code § 667.5(b). He states that he was sentenced on April 7, 2006 to a term of three years in prison and a fine of $1,200. He apparently appealed unsuccessfully and filed state habeas petitions before filing this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges that the fine imposed as part of Patterson's sentence was excessive. The petition also alleges that the state court did not consider Patterson's ability to pay the fine and that he is, in fact, unable to pay the fine. Liberally construed, the claim appears to be one for a violation of Patterson's Eighth Amendment right not to be subject to excessive fines. See U.S. Const. amend. VIII; see generally Austin v. United States, 509 U.S. 602, 610 (1993); Wright v. Riveland, 219 F.3d 905, 915-16 (9th Cir. 2000). Liberally construed, the claim is cognizable in a federal habeas action and warrants a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition states a cognizable claim for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **November 2, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the


1  answer a copy of all portions of the court proceedings that have been previously transcribed and
2  that are relevant to a determination of the issues presented by the petition.
3       4.   If petitioner wishes to respond to the answer, he must do so by filing a traverse
4  with the Court and serving it on respondent on or before **December 7, 2007**.
5       5.   Petitioner's in forma pauperis application is GRANTED.  (Docket # 2.)
6       IT IS SO ORDERED.
7  DATED: September 4, 2007
                                                              _____
                                                              SUSAN ILLSTON
8                                                             United States District Judge