**United States District Court**
For the Northern District of California

1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                           NORTHERN DISTRICT OF CALIFORNIA

8

9    JEFFREY WADE PATTERSON,                        No. C 07-1580 SI (pr)

10              Petitioner,                          **ORDER OF DISMISSAL**

11        v.

12   KATHY MENDOZA-POWERS,

13              Respondent.
                                         /
14

15

16                                    **INTRODUCTION**

17        Jeffrey Wade Patterson, formerly an inmate at Avenal State Prison, filed this pro se action for

18   a writ of habeas corpus challenging a restitution fine imposed in addition to a sentence of imprisonment.

19   Now before the court for consideration is respondent's motion to dismiss the petition on the grounds that

20   a restitution-fine claim does not meet the custody requirement for federal habeas review and that

21   Patterson failed to exhaust his state court remedies.

22

23                                    **BACKGROUND**

24        Jeffrey Wade Patterson was convicted of possession for sale of methamphetamine and diazepam.

25   See Cal. Health & Safety Code § 11375(b) and § 11378. (Show Cause Order at 1, lines 25-26.)  On

26   April 7, 2006, the Santa Clara County Superior Court sentenced Patterson to three years in state prison

27   and to pay a $1200 restitution fine.  (Pet. at 3.)

28        Patterson filed a petition for a writ of habeas corpus in the Santa Clara County Superior Court,

     challenging only the fine component of his sentence.  He claimed that the amount of the fine was

1  excessive and that the sentencing judge did not properly consider his ability to pay.  (Pet. at 7.)  The

2  court denied the petition on November 2, 2006.  (Pet. at 7; Super. Ct. Order.)  The California Court of

3  Appeal and the California Supreme Court denied Patterson's habeas petitions in 2007.

4      Patterson then filed this action for a writ of habeas corpus under 28 U.S.C. § 2254, challenging

5  only the restitution fine imposed by the trial court.  Patterson contends that the fine is excessive and that

6  the trial court erroneously assumed he could pay it out of his future wages while incarcerated.  (Mot.

7  for Modification at 1, lines 17-19.)  He seeks a reduction of the fine to $200.  (Pet. at 7-8.)  This court

8  found that the petition appeared to state a claim for a violation of the Eighth Amendment right not to

9  be subject to excessive fines, see U.S. Const. amend. VIII; see generally Austin v. United States, 509

10  U.S. 602, 610, 621-22 (1993); Wright v. Riveland, 219 F.3d 905, 915-16 (9th Cir. 2000), and ordered

11  respondent to show why a writ of habeas corpus should not be granted.  (Show Cause Order at 2, lines

12  11-17, 25-27.)

13      Respondent filed a motion to dismiss, contending that this court lacks jurisdiction to review

14  petitioner's § 2254 petition because federal habeas is available only to state prisoners challenging the

15  validity and duration of confinement, not the imposition of a restitution fine.  (Mot. to Dismiss at 2.)

16  Alternatively, respondent argues that even if this court had jurisdiction to consider a fine-only challenge,

17  petitioner failed to exhaust his federal claim in state court.  (Mot. to Dismiss at 3.)  Because an excessive

18  restitution claim does not meet the jurisdictional custody requirement of § 2254, it is not necessary to

19  reach the exhaustion issue raised by respondent.

20

21                                    **DISCUSSION**

22  A.      Federal Habeas Custody Requirement

23      The federal writ of habeas corpus is available only to persons "in custody" at the time the

24  petition is filed.  28 U.S.C. §§ 2241(c), 2254(a); see Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

25  This requirement is jurisdictional.  Carafas, 391 U.S. at 238.  If a petitioner is in custody at the time he

26  files a federal habeas petition, his subsequent release from custody does not deprive the court of its

27  jurisdiction.  Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005).  It is not necessary that a prisoner

28

1  be physically confined to meet the custody requirement.  Maleng v. Cook, 490 U.S. 488, 491 (1989).

2  In general, custody is satisfied where the sentence imposed "significantly restrain[s] petitioner's liberty

3  to do those things which in this country free men are entitled to do."  Jones v. Cunningham, 371 U.S.

4  236, 243 (1963).  For example, a petitioner on parole, see id. at 241-43, or probation, see Chaker, 428

5  F.3d at 1219, at the time of filing is considered to be in custody.  Similarly, a sentence requiring physical

6  attendance at an alcohol rehabilitation program is a significant restraint on liberty to satisfy the custody

7  requirement.  Dow v. Circuit Court, 995 F.2d 922, 923 (9th Cir. 1993).

8        A fine-only sentence is not a significant restraint on liberty to satisfy the custody requirement.

9  Dremann v. Francis, 828 F.2d 6, 7 (9th Cir. 1987); Edmunds v. Won Bae Chang, 509 F.2d 39, 41 (9th

10  Cir. 1975).  In Dremann, the factors the court noted in dismissing for lack of jurisdiction were that the

11  petitioner's original sentence included no provision for imprisonment, and failure to pay the fine did not

12  place the petitioner in a position of imminent incarceration.  828 F.2d at 7.  Similarly, in Edmunds, the

13  appellate court found a lack of jurisdiction for habeas review of a fine in large part because there was

14  no provision in the sentence for confinement in the case of non-payment.  509 F.2d at 41.  Left

15  unresolved in these cases was whether the petitioners could have met the custody requirement to

16  challenge their fines if they had also been in confinement as part of their sentences.  That question is

17  before the court today.

18

19

20  B.        Being in Custody Does Not Make a Fine-Only Challenge Cognizable

21        Although the Ninth Circuit has not yet decided the issue except in an unpublished opinion,[1] other

22

23        [1]In Tuggle v. Campbell, No. 06-16639, 2007 U.S. App. LEXIS 29954, at **3 (9th Cir. Dec. 21,
24  2007), the court  held that it lacked jurisdiction to review a state habeas petitioner's disproportionate-
    fine claim because fines do not meet the custody requirement of § 2254, even though petitioner also
25  asserted cognizable claims.  Id.  Tuggle was convicted of drug possession and received a sentence
    including a lengthy prison term under California's three strikes law as well as a $10,000 restitution fine.
26  Id. at **1.  While the court acknowledged jurisdiction over Tuggle's Eighth Amendment claim that the
    three strikes sentence was a cruel and unusual punishment for drug possession, it held that it lacked
27  jurisdiction to review Tuggle's assertion that the $10,000 fine was grossly disproportionate.  Id. at **3.
    The fact that Tuggle also sought release from custody did not authorize the district court to review the
28  fine.  Id.

3

circuits have concluded that being in physical confinement does not confer jurisdiction under 28 U.S.C.

§ 2254 to review other, non-custodial components of a sentence.  In <u>Virsnieks v. Smith</u>, 521 F.3d 707,

719-20 (7th Cir. 2008), the Seventh Circuit held that it lacked jurisdiction to review the petitioner's

challenge to the portion of his sentence that required him to register as a sex offender.  First, the court

determined that registration did not itself impose any significant restraint on petitioner's freedom of

movement to satisfy the custody requirement.  <u>Id.</u> at 719-20.  Second, although the defendant was

serving his sentence of imprisonment when he filed his habeas petition – indeed, the petition also

included an independent, custodial claim – "a court does not have 'pendent' jurisdiction over non-

cognizable habeas claims."  <u>Id.</u> at 720-21.  The court noted that the plain text of § 2254 dictated this

result: the statute authorizes federal courts to entertain a habeas petition only by a person "*in custody*"

and "*only on the ground that he is in custody* in violation of the Constitution or laws or treaties of the

United States."  <u>Id.</u> at 721 (quoting § 2254(a)).  So written, the statute specifically hinges a federal

court's authorization to consider a habeas petition on the particular relief sought, i.e., relief from

custody.  <u>Id.</u>  The petitioner's challenge to the non-custodial registration requirement thus could not be

reviewed by the federal court.  <u>Id.</u> at 722.

As the <u>Virsnieks</u> court discussed at length, the Ninth Circuit has similarly held that a sex

offender registration sentence does not meet the custody requirement because it does not impose a

substantial restraint on liberty.  <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1184-85 (9th Cir. 1998).  Since

that petitioner had completed his community placement before filing his petition, he was not in physical

confinement, and the question was whether the registration obligations amounted to a significant

restraint on liberty to satisfy the custody requirement.  <u>Id.</u> at 1183.  In holding that custody was not

satisfied, the court noted that Supreme Court precedents which did find a significant restraint on liberty

"rel[ied] heavily on the notion of a physical sense of liberty - that is, whether the legal disability in

question somehow limits the putative habeas petitioner's movement."  <u>Id.</u> (citing <u>Jones</u>, 371 U.S. at 239;

<u>Hensley v. Municipal Court</u>, 411 U.S. 345, 351 (1973)).  Unlike aliens denied entry into the United

States or parolees released on their own recognizance, the sex offender registration law did not constrain

Williamson's movement or demand his physical presence at any time or place.  <u>Id.</u> at 1183-84.  "In

4

short," the court concluded, "the constraints of [the registration] law lack the discernible impediment to movement that typically satisfies the 'in custody' requirement." Id. at 1184.

Although Patterson challenges a restitution fine as opposed to a sex offender registration requirement, the Seventh and Ninth Circuits' reasoning that registration is non-custodial applies to Patterson's restitution claim. A monetary obligation is less restrictive of Patterson's "physical sense of liberty" than the lifelong registration and notification obligations of sex offenders. See id. at 1181, 1183. Moreover, like the registration requirement, a restitution fine is more regulatory than punitive in nature, making it more comparable to a collateral consequence of conviction than an actual, material restraint on liberty. See id. at 1184; Virsnieks, 521 F.3d at 720. Finally, as in Virsnieks, the fact that Patterson was incarcerated when he filed his habeas petition does not confer jurisdiction to review his otherwise non-custodial claim. See 521 F.3d at 720-21. Patterson's challenge to his restitution fine is simply not "on the ground that he was in custody in violation of the Constitution" as required by the plain language of § 2254(a). See id.

In a related context, the Ninth Circuit has held that federal petitioners in custody cannot challenge fines or restitution orders under § 2255,[2] United States v. Kramer, 195 F.3d 1129, 1129-30 (9th Cir. 1999), even if the petition also contains cognizable claims for release from custody, United States v. Thiele, 314 F.3d 399, 400-01 (9th Cir. 2002). Other circuits are in accord. See United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003); Kaminski v. United States, 339 F.3d 84, 85 (2d Cir. 2003); United States v. Hatten, 167 F.3d 884, 887 (5th Cir. 1999); Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997); Smullen v. United States, 94 F.3d 20, 25-26 (1st Cir. 1996); but see Weinberger v. United States, 268 F.3d 346, 352 n.1 (6th Cir. 2001). In Kramer, the Ninth Circuit denied a federal defendant's motion to vacate a restitution order, holding that "[b]y its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order." 195 F.3d at 1130. Clarifying this rule, the Thiele court held that "[t]o determine whether a given claim is cognizable under § 2255, we focus on the relief sought in the

---

[2]A federal criminal defendant files a motion under 28 U.S.C. § 2255 to seek collateral relief. A state criminal defendant files a petition under 28 U.S.C. § 2254 to seek collateral relief.

claim itself, not on relief sought in other claims mentioned elsewhere in the motion. Non-cognizable claims do not morph into cognizable ones by osmosis." 314 F.3d at 402 (citations omitted). These cases do not immediately support Patterson's claim as they rely on statutory language, not included in § 2254, that federal habeas review is available to federal petitioners "in custody . . . *claiming the right to be released. . . .*" § 2255(a) (emphasis added). However, § 2254(a) does contain similar language that a federal court may entertain habeas applications "only on the ground that [the petitioner] is in custody." Furthermore, even ignoring the textual distinction between the two provisions, the rationale behind the denial of restitution claims cited in § 2255 cases applies equally to claims by state habeas petitioners. See Virsnieks, 521 F.3d at 721-22. As the Second Circuit put it, permitting restitution-only challenges would allow for incongruent access to federal habeas review:

> Collateral relief from noncustodial punishments is not made more readily available to a petitioner just because that petitioner happens at the time to be subject also to custodial penalties. And, the mere fact that the sentencing court chose to impose incarceration . . . in addition to restitution does not, as to the restitution order, distinguish that defendant from someone who, having been convicted, received a punishment that did not include any custodial element.

Kaminski, 339 F.3d at 89; see also United States v. Segler, 37 F.3d 1131, 1137 (5th Cir. 1994). Given the variety of sentencing regimes among states, the need for congruence is perhaps even stronger in the context of state petitioners. Virsnieks, 521 F.3d at 722. That is, a prisoner convicted in a state that mandatorily imposes restitution as well as imprisonment should not have an opportunity for habeas relief on the same claim that an offender in another state that only imposes a fine would not have. Id. Moreover, "incongruence would encourage prisoners to bring frivolous claims against custodial sentences in order to trigger federal habeas review of non-custodial sentences." Id. Thus, Patterson's status as a state petitioner should not distinguish him from the federal petitioners whose restitution challenges were denied in Kramer and Thiele.

The court lacks jurisdiction to consider Patterson's challenge to the restitution fine because he does not satisfy the habeas custody requirement.

6

1
2
3

### CONCLUSION

4

5          Respondent's motion to dismiss is GRANTED. (Docket #9).  The petition for writ of habeas

6   corpus is dismissed because a challenge to a restitution order does not meet the federal habeas custody

7   requirement.  The clerk shall close the file.

8          IT IS SO ORDERED.

9   DATED: June 5, 2008                              _____
10                                                         SUSAN ILLSTON
                                                     United States District Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7